UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**MARK ANTHONY CARRILLO, SR.**                                             **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 4:07CV-P50-M**

**DAVIESS COUNTY** *et al.*                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Seeking monetary and punitive damages, Plaintiff Mark Anthony Carrillo, Sr., filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Daviess County; Daviess County Detention Center ("DCDC") Jailer, David Osborne; DCDC Director of Medical Staff, Dr. Carol Byrd; and DCDC Nurse, Vickie Isom. Plaintiff sues Defendants Osborne and Byrd in their individual and official capacities and fails to specify in which capacity he sues Defendant Isom. Plaintiff alleges that during his incarceration in the DCDC, he was denied "adequate personal hygiene"; denied "adequate medical psych[i]atric treatment"; and housed in a unit where he was subjected to "unprovoked physical abuse by Jail Staff."

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Under § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the Court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). With respect to governmental officials, the Sixth Circuit noted:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others

>such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman*, 808 F.2d at 465.

Plaintiff has alleged no facts involving any Defendant. Plaintiff asserts nothing more than conclusory allegations of inadequate hygiene, inadequate psychiatric treatment, and physical abuse. The Sixth Circuit has held that allegations such as these fail to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). Plaintiff fails to articulate any injury as a result of inadequate hygiene products; fails to specify any serious medical need, any dates of denied treatment, or any persons involved; and fails to identify any Defendants involved in the alleged physical abuse, the dates of the alleged abuse, or any circumstance surrounding the alleged abuse.

Because Plaintiff has failed to give each Defendant fair notice of his claims and the grounds upon which they rest, dismissal is warranted. Prior to dismissing the action, however, the Court will provide Plaintiff with an opportunity to amend his complaint and provide more facts, including how each Defendant allegedly violated his rights and the dates on which each event took place. Accordingly, **IT IS ORDERED that no later than 30 days from the date of entry of this Memorandum Opinion and Order, Plaintiff may amend the complaint to provide more detail with respect to his claims.** Plaintiff must use a court-supplied form. The **Clerk of Court is DIRECTED** to affix the instant case number on a § 1983 form, write "Amendment" in the caption, and send it to Plaintiff should he desire to amend his complaint.

Should Plaintiff fail to file an amended complaint within the time allotted, the Court will enter an order **dismissing the action** for the reasons stated herein.

Date:

cc:     Plaintiff, *pro se*
4414.005